CITICORP SERVICES, INC., Appellant, v.
ROBERT M. LEE, Respondent.

No. 13257

June 22, 1983                    665 P.2d 265

*Lionel Sawyer & Collins,* and *F. Harvey Whittemore* and *M. Kristina Pickering,* Reno, for Appellant.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis & Russell,* and *Mike Pavlakis,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a money judgment for respondent Lee. Appellant Citicorp contends that the district court erred by relieving Lee of his obligation under a stipulation relating to discovery. We agree and therefore reverse.

In May of 1976, Lee purchased $10,000 worth of traveler's checks from Citicorp. Lee subsequently claimed that most of the checks had been lost or stolen. He applied to Citicorp for a refund, and Citicorp gave Lee a partial refund in the amount of $500. Citicorp later refused to grant a further refund on the ground that Lee had conspired with others to defraud Citicorp

of its money. Lee then filed suit in the district court, seeking a judgment in an amount equal to the unrefunded traveler's checks.

On September 10, 1978, the parties entered into a stipulation which, among other things, provided as follows:

> That, without need of Motion, Demand, or Court order, Robert M. Lee will make available in Reno, Nevada, the person of Diane Sumner for deposition by the defendant.
> . . . .

It was further agreed that the trial on Lee's complaint would be continued to a date not less than two months after completion of the deposition.

In January of 1980, Lee notified Citicorp that a trial setting would be requested. The trial was subsequently set for August 11, 1980. Thereafter, on three separate occasions, Citicorp requested that Lee perform his obligation to make Sumner available for a deposition. On July 11, 1980, Lee's counsel sent a letter to Citicorp's counsel stating:

> As to the availability of Diane Sumner for a deposition without motion, demand, or court order, my client, Mr. Lee, informs me that Miss Sumner is willing to give a written statement that she was not with Mr. Lee during the two weeks preceding or after the loss of the subject traveler's checks, however, she is reluctant to go through "with the hassle of deposition." (Quotations in original.)

Citicorp's counsel replied that a written statement was not acceptable in lieu of a deposition.

Thereafter, on the date set for trial, Citicorp moved to vacate the trial date on the ground that Lee had not complied with the stipulation. The trial was continued until October of 1980. Shortly before the October trial date, Lee moved to be relieved of his obligation under the stipulation, and he accompanied the motion with his affidavit. The affidavit stated that Lee had entered into the stipulation at a time when he believed Sumner would cooperate in the discovery proceedings, but that Sumner "refuses and fails to cooperate."

At the hearing on the motion, Lee's counsel argued that Sumner was in Florida, and that "the unfairness . . . is the fact of the distance of taking that deposition." Counsel also argued that "it is prohibitive for [Lee] to have to pay counsel's way to Florida to take [Sumner's] deposition." The district court found a "mistake of fact" and therefore granted Lee's motion to be relieved of his obligation to produce Sumner. The court granted Citicorp's request for a continuance of the trial until December of 1980. By that date, however, Citicorp had been

unable to locate Sumner, and Citicorp moved for another continuance. The district court denied the motion, held a trial, and awarded judgment for Lee in the amount of $9,400 plus costs and attorney fees of $2,500. This appeal followed.

A stipulation may be set aside upon a showing that it was entered into through mistake, fraud, collusion, accident or some ground of like nature. *See* Gottwals v. Rencher, 60 Nev. 47, 98 P.2d 481 (1940). Whether a stipulation should be set aside on such grounds is generally left to the discretion of the trial court. Los Angeles City Sch. Dist. v. Lanier Management Co., 2 Cal.Rptr. 662 (Ct.App. 1960); Singleton v. Pichon, 635 P.2d 254 (Idaho 1981); McFarling v. Demco, Inc., 546 P.2d 625 (Okla. 1976).

In the present case, Lee's affidavit in support of his motion merely stated that Sumner "refuses and fails to cooperate." The affidavit did not state what efforts were taken to secure Sumner's cooperation, or whether any efforts were made to compel her attendance for a deposition. The affidavit did not contain any reasons whatsoever for Lee's two-year delay in seeking relief from the stipulation, and nothing in the affidavit indicated that Sumner was uncooperative during the entire two-year period of time after Lee entered into the stipulation.[1] We also note, as mentioned earlier, that the argument of Lee's counsel was directed toward the subsequent difficulty and expense in producing Sumner. The district court specifically recognized, however, that a change in circumstances which occurs after an obligation is entered into will generally not relieve a party of his obligation.

In this case the evidence which might have been obtained from Sumner was potentially critical to Citicorp's defense. This conclusion was specifically recognized in the stipulation, which provided that "because of the importance of this discovery" the trial on Lee's complaint should be continued until after completion of the deposition.

By relieving Lee of his obligation under the stipulation, and by thereafter forcing Citicorp to defend its case at trial without Sumner having been deposed, the district court effectively imposed on Citicorp the harm resulting from Lee's derelictions. We hold that the district court abused its discretion by doing so. Accordingly, we reverse the judgment of the district

[1] Lee's subsequent testimony at trial indicated that he had been living with Sumner before the stipulation was entered into, and that he and Sumner lived together off and on until July, 1980.

court, and we remand with instructions to reinstate the stipulation.

Reversed and remanded.

