RONALD FOSTER; PATRICK COCHRANE; AND FREDERICK DORNAN, APPELLANTS, v. TERRY DINGWALL, AN INDIVIDUAL, AND DERIVATIVELY ON BEHALF OF INNOVATIVE ENERGY SOLUTIONS, INC.; MICHAEL HARMAN, SPECIAL MASTER; HYUN IK YANG; AND HYUNSUK CHAI, RESPONDENTS.

No. 50166

February 25, 2010

228 P.3d 453

*Bailus Cook & Kelesis, Ltd.*, and *Marc P. Cook*, Las Vegas, for Appellants Foster and Cochrane.

*Holland & Hart LLP* and *J. Stephen Peek, Matthew J. Kreutzer*, and *Janet L. Rosales*, Las Vegas, for Appellant Dornan.

*Lewis & Roca LLP* and *Daniel F. Polsenberg* and *Dan R. Waite*, Las Vegas, for Respondent Dingwall.

## OPINION

By the Court, HARDESTY, J.:

In this opinion, we clarify and explain more fully the process, announced in *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978), for seeking a remand to the district court to alter, vacate, or otherwise modify or change a district court order or judgment after an appeal to this court from that order or judgment has been perfected. We further address a related issue of first impression—whether when an appeal has been taken from a final order or judgment and a party subsequently files a motion in the district court for relief from that order or judgment under NRCP 60(b)(2) in accordance with the *Huneycutt* remand procedure, the perfection of the appeal tolls the six-month time period for seeking NRCP 60(b)(2) relief. For the reasons set forth below, we conclude that the perfection of an appeal does not toll NRCP 60(b)(2)'s six-

month time period for seeking relief. Accordingly, because we conclude that appellants' request for NRCP 60(b)(2) relief was untimely, we deny their motion to remand this matter to the district court.

## BACKGROUND

Currently before this court is an appeal, filed by appellants Ronald Foster, Patrick Cochrane, and Frederick Dornan, challenging the·final judgment entered in the underlying contracts action. The challenged judgment was filed in the district court on August 29, 2007, and notice of entry of the judgment was served on appellants that same day. On September 7, 2007, Foster, Cochrane, and Dornan timely filed their notice of appeal from the district court's August 29, 2007, final judgment. On July 29, 2009, nearly two years after the challenged judgment was entered by the district court and notice of entry of the judgment was served, Foster and Cochrane filed a motion in the district court, joined by Dornan, seeking relief from that judgment under NRCP 60(b)(2) based on certain newly discovered evidence. Specifically, they sought to have the district court certify its intent to grant their motion for NRCP 60(b)(2) relief so as to allow them to then move this court to remand the matter to the district court in accordance with the procedure established in *Huneycutt* for the entry of an order granting their motion for NRCP 60(b)(2) relief.

After the district court certified its intent to grant appellants' motion over respondents Terry Dingwall and Hyunsuk Chai's oppositions, Foster and Cochrane filed a motion in this court, joined by Dornan, seeking to have the matter remanded to the district court for the entry of an order granting their motion for NRCP 60(b)(2) relief. Dingwall has opposed that motion, joined by Chai, and Foster and Cochrane were subsequently granted permission to file a reply, which they did on December 21, 2009.

## DISCUSSION

Because appellants' motion for remand is based on the procedure outlined in *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978), and because it appears that this procedure is in need of clarification and explanation in light of the cursory analysis provided in *Huneycutt*, we begin our analysis by discussing the proper procedure to be followed when a party seeks to alter, vacate, or otherwise modify or change an order or judgment challenged on appeal after an appeal from that order or judgment has been per-. fected in this court. We then address the merits of the motion for remand.

*Procedure for seeking a remand to district court*

This court has repeatedly held that the timely filing of a notice of appeal " ' 'divests the district court of jurisdiction to act and vests jurisdiction in this court.' '' *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529 (2006) (quoting *Rust v. Clark Cty. School District*, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987)). We have further held that

> when an appeal is perfected, the district court is divested of jurisdiction to revisit issues that are pending before this court, [but] the district court retains jurisdiction to enter orders on matters that are collateral to and independent from the appealed order, *i.e.*, matters that in no way affect the appeal's merits.

*Mack-Manley*, 122 Nev. at 855, 138 P.3d at 529-30. In *Huneycutt*, however, this court adopted a procedure whereby, if a party to an appeal believes a basis exists to alter, vacate, or otherwise modify or change an order or judgment challenged on appeal after an appeal from that order or judgment has been perfected in this court, the party can seek to have the district court certify its intent to grant the requested relief, and thereafter the party may move this court to remand the matter to the district court for the entry of an order granting the requested relief. 94 Nev. at 79-81, 575 P.2d at 585-86.

As outlined in *Huneycutt*, prior to filing a motion for remand in this court, a party seeking to alter, vacate, or otherwise change or modify an order or judgment challenged on appeal should file a motion for relief from the order or judgment in the district court.[1] As demonstrated by our *Huneycutt* decision, despite our general rule that the perfection of an appeal divests the district court of jurisdiction to act except with regard to matters collateral to or independent from the appealed order, the district court nevertheless retains a limited jurisdiction to review motions made in accordance with this procedure. *See Mack-Manley*, 122 Nev. at 855-56, 138 P.3d at 529-30; *Huneycutt*, 94 Nev. at 80-81, 575 P.2d at 585-86. In considering such motions, the district court has jurisdiction to direct briefing on the motion, hold a hearing regarding the motion,

---

[1]To the extent that *Chapman Industries v. United Insurance*, 110 Nev. 454, 458-59, 874 P.2d 739, 741-42 (1994), indicates that the use of the *Huneycutt* procedure is not necessary when seeking relief through a motion made pursuant to NRCP 50(b), 52(b), or 59, that is true only if the motion was filed in the district court prior to the filing of the notice of appeal. If such a motion is filed after an appeal is perfected, the party seeking relief through such a motion must utilize the clarified *Huneycutt* procedure set forth in this opinion.

and enter an order denying the motion, but lacks jurisdiction to enter an order granting such a motion.[2] *See Huneycutt*, 94 Nev. 79, 575 P.2d 585; *King v. First American Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (explaining that federal district courts have jurisdiction to "entertain and deny" Rule 60(b) motions while an appeal is pending, but cannot grant such motions without permission from the circuit court); *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766-67 (8th Cir. 1989) (same). Some of our caselaw implies, however, that the district court lacks the authority to deny requests for relief regarding matters that are not collateral to or independent from the appealed order while the appeal remains pending. *See Mack-Manley*, 122 Nev. at 855, 138 P.3d 529-30; *Kantor v. Kantor*, 116 Nev. 886, 894-95, 8 P.3d 825, 830 (2000); *Rust*, 103 Nev. at 688, 747 P.2d at 1382. We take this opportunity to clarify that the district court *does* have jurisdiction to *deny* such requests. *King*, 287 F.3d at 94; *Federal Land Bank*, 889 F.2d at 766.

As for the remand procedure, if the district court is inclined to grant the relief requested, then it may certify its intent to do so. *Mack-Manley*, 122 Nev. at 855, 138 P.3d at 530; *Huneycutt*, 94 Nev. at 81, 575 P.2d at 586. At that point, it would be appropriate for the moving party to file a motion (to which the district court's certification of its intent to grant relief is attached) with this court seeking a remand to the district court for entry of an order granting the requested relief. *Mack-Manley*, 122 Nev. at 855-56, 138 P.3d at 530; *Huneycutt*, 94 Nev. at 81, 575 P.2d at 586. This court will then consider the request for a remand and determine whether it should be granted or denied. *See Mack-Manley*, 122 Nev. at 856, 138 P.3d at 530 (noting this court's discretion to grant a motion seeking remand to the district court); *see also Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005) (noting that appellate courts do not rubber-stamp or grant such motions as a matter of course). If the district court is not inclined to grant the requested relief, however, then as stated above, the district court may enter an order denying the motion.[3] *King*, 287 F.3d at 94; *Federal Land Bank*, 889 F.2d at 766.

---

[2]Our conclusion that the district court lacks jurisdiction to enter orders *granting* such requests for relief in no way limits the district court's jurisdiction to make temporary, short-term adjustments to child custody arrangements on an emergency basis as set forth in *Mack-Manley*, 122 Nev. at 856, 138 P.3d at 530.

[3]We note that if the order denying such relief is independently appealable, such as an order denying NRCP 60(b) relief, denying an NRCP 59 new trial motion, or refusing to modify or vacate a child custody arrangement under NRS 125.510(1)(b), any party aggrieved by that order may appeal that order

*Foster, Cochrane, and Dornan's motion for remand*

In the present matter, the district court has certified its intent to grant appellants' NRCP 60(b)(2) motion for relief from the final judgment in accordance with the procedures outlined above. As a result, Foster, Cochrane, and Dornan now move this court to re- . mand this matter to the district court so that it can enter an order granting the relief requested in their NRCP 60(b)(2) motion. Dingwall opposes the remand motion, arguing that the NRCP 60(b)(2) motion is untimely; Foster and Cochrane have filed a reply asserting, among other things, that their motion was timely.

NRCP 60(b) provides that a motion for relief from a final order or judgment based on newly discovered evidence must "be made within a reasonable time, and . . . not more than 6 months after the proceeding was taken or the date that written notice of entry of the judgment or order was served." Here, although written notice of entry of the final judgment was served on August 29, 2007, appellants' NRCP 60(b)(2) motion was not filed in the district court until July 29, 2009, well beyond the six-month limitations period for seeking such relief. This raises the issue of whether appellants' pending appeal, which was perfected by the timely filing of a notice of appeal within NRCP 60(b)'s six-month period on September 7, 2007, affects the running of the time limit for seeking NRCP 60(b) relief. In other words, we must determine whether the perfection of this appeal tolled the running of NRCP 60(b)'s six-month time limit.

To resolve this issue, we look to federal caselaw, as this court has recognized that "federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules." *Nelson v. Heer*, 121 Nev. 832, 834, 122 P.3d 1252, 1253 (2005). "As amended effective January 1, 2005, NRCP 60(b) largely replicates Fed. R. Civ. P. 60(b), as written before the Federal Rules' 2007 revisions." *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 650, 218 P.3d 853, 856 (2009) (comparing NRCP 60(b) to Fed. R. Civ. P. 60(b) and discussing the differences between the two rules). Thus, federal court opinions addressing whether the period of an appeal tolls the time for seeking relief from a final order or judgment, under Fed. R. Civ. P. 60(b), serve as persuasive authority for this court's examination of this issue with regard to NRCP 60(b).

---

to this court. *Holiday Inn v. Barnett*, 103 Nev. 60, 732 P.2d 1376 (1987) (order denying NRCP 60(b) relief is appealable); NRAP 3A(b)(2) (order denying a motion for a new trial is appealable); *Burton v. Burton*, 99 Nev. 698, 669 P.2d 703 (1983) (order denying a motion to modify a family court order, when the motion is based on changed factual or legal circumstances, is appealable as a special order after final judgment).

Our review of the federal courts' precedent reveals that the courts have overwhelmingly concluded that the one-year period for seeking relief under Fed. R. Civ. P. 60(b) is not tolled by the filing of a notice of appeal. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005); *King v. First American Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); *Berwick Grain v. Illinois Dept. of Agriculture*, 189 F.3d 556, 559 (7th Cir. 1999); *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766-77 (8th Cir. 1989); *Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Hancock Industries v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987); *Carr v. District of Columbia*, 543 F.2d 917, 925-26 (D.C. Cir. 1976); *Transit Casualty Company v. Security Trust Company*, 441 F.2d 788, 791 (5th Cir. 1971); *see also* 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.65[2][d] (3d ed. 2009) (stating that "virtually all courts agree that a pending appeal does not toll" the Rule 60(b) time limit). In implementing this rule, the Ninth Circuit Court of Appeals has noted that a contrary rule could impair the finality of judgments and prolong appellate proceedings that may take months or years to complete. *See Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) (noting concern in scholarly commentary over the impairment of finality of judgments and additions to the time necessary for appellate resolution). We find this approach to be sound practice and, thus, adopt the same approach with regard to requests for relief made under NRCP 60(b). Accordingly, we conclude that the six-month time period for seeking relief under NRCP 60(b)(2) is not tolled by the perfection of an appeal.[4]

Because appellants' pending appeal did not toll the six-month period for seeking NRCP 60(b)(2) relief, appellants' motion for NRCP 60(b)(2) relief was untimely filed in the district court. As a result, we deny their motion for remand, despite the district court's certification of its intent to grant the requested NRCP 60(b)(2) re-

---

[4]Footnote 1 of our *Huneycutt* opinion states, without explanation or analysis, that "[a]t this juncture, and in the posture of this proceeding, we are not concerned with the time constraints imposed by [NRCP 60(b) and 59(a)]." 94 Nev. at 79 n.1, 575 P.2d at 585 n.1. Insomuch as this footnote implies that this court and the district court should not be concerned with whether the applicable time period for requesting relief under a statute or court rule has expired when determining whether to grant a motion for remand or certify intent to grant relief, we disapprove of the language in that footnote.

Additionally, because our caselaw demonstrates that a party may seek certification under statutes or court rules other than NRCP 60(b), *see Mack-Manley*, 122 Nev. 849, 138 P.3d 525 (motion to modify a child custody arrangement); *Reno Hilton Resort Corp. v. Verderber*, 121 Nev. 1, 106 P.3d 134 (2005) (new trial motion), to the extent that any statute or court rule under which relief is sought limits how long a party has to seek relief under that statute or court rule, the perfection of a notice of appeal would likewise not toll the running of any such applicable time period.

lief. *See Mack-Manley*, 122 Nev. at 856, 138 P.3d at 530 (indicating that, even if the district court certifies that it intends to grant relief, the decision as to whether a motion for remand will be granted remains within this court's discretion); *cf. Hancock Industries v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (rejecting a motion for remand made after the time for seeking relief under Fed. R. Civ. P. 60(b) had expired).

PARRAGUIRRE, C.J., and DOUGLAS, CHERRY, SAITTA, GIBBONS, and PICKERING, JJ., concur.