An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONAHUE SCHRIBER REALTY GROUP, L.P., AND MALCO NEVADA, INC.
Appellants,
vs.
TYRIN SALINAS,
Respondent.

No. 59071

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court judgment on a jury verdict and post-judgment orders in a torts action. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Respondent Tyrin Salinas suffered an injury when she slipped and fell on a wet sidewalk behind the Papa John's restaurant where she worked in Las Vegas, Nevada. Papa John's restaurant was located in a shopping center owned by appellant Donahue Schriber Realty Group. Donahue contracted with appellant Malco Nevada, Inc. to perform porter services for the common areas of the shopping center, which included maintenance of the sidewalks. Salinas sued Donahue and Malco alleging both were negligent in maintaining the premises.

Prior to trial, the district court ruled that the fact that Salinas received workers' compensation benefits was admissible, but evidence of the amount of benefits she received was inadmissible. At the conclusion of trial, the jury rendered a verdict in favor of Salinas, finding Donahue 90 percent at fault, Malco 10 percent at fault, and attributing no fault to

14-31654

Salinas. Salinas was awarded $2,181,750 and judgment was entered holding Donahue and Malco jointly and severally liable.

Donahue and Malco appealed that judgment to this court, but Malco also filed post-trial motions pursuant to NRCP 59(e) and NRCP 60(b) asking the district court to amend the wording of the judgment to conform to the verdict and to amend the judgment to apply several liability only. The district court denied both motions, and Malco appealed those orders as well. On appeal, Donahue argues that the district court erred in refusing to allow the amount of workers' compensation benefits to come into evidence. Additionally, Malco argues that the district court erred in denying its motion requesting that several liability only, rather than joint and several liability, be applied to the judgment. And, as a threshold issue, Salinas challenges this court's jurisdiction to consider this appeal.

*This court has jurisdiction over Donahue's appeal from the final judgment*[1]

Salinas argues that this court lacks jurisdiction to consider Donahue's appeal because, although the appeal was timely filed on August 25, 2011, following the notice of entry of the final judgment, Malco made subsequent motions under NRCP 59(e) to amend or alter the judgment, and Donahue did not file additional notices of appeal following the district court's denial of those motions.

Pursuant to NRAP 4(a)(6), this court may dismiss as premature an appeal that has been timely filed pursuant to a final judgment but before all motions delineated under NRAP 4(a)(4), including

---

[1]We separately address below Salinas's challenge to this court's jurisdiction to consider Malco's joint and several liability argument.

NRCP Rule 59 motions, have been decided by the district court. However, if "a written order or judgment, or a written disposition of the last-remaining timely motion listed in Rule 4(a)(4), is entered before dismissal of the premature appeal, the notice of appeal shall be considered filed on the date of and after entry of the order . . . dispos[ing] of the last-remaining timely motion." NRAP 4(a)(6).

Here, as Salinas concedes, Donahue timely filed its notice of appeal on August 25, 2011, after entry of the final judgment. Entry of the district court's order on the last-remaining timely motion occurred on February 7, 2012. Because this appeal was not dismissed as premature before entry of the district court's final order on the last-remaining timely motion, we conclude that Donahue's appeal is considered timely filed as of the date of entry of the order on the last-remaining timely motion and this court has jurisdiction to hear the appeal.

*The district court committed reversible error by failing to admit as evidence the amount of workers' compensation benefits Salinas received*

Donahue and Malco argue that the district court erred when it refused to admit evidence regarding the amount of workers' compensation benefits paid to Salinas. Donahue and Malco contend that NRS 616C.215(10) requires admission of this evidence. Salinas counters that the amount was not required to be admitted, that any error was harmless because Donahue and Malco were not prejudiced, and that if the amount is required to be admitted, then NRS 616C.215 is unconstitutional.[2]

---

[2]Salinas also argues that Donahue and Malco may not raise this issue on appeal because it was not preserved below. We conclude that this argument lacks merit. During the pretrial motions in limine, the parties fully briefed the issue of whether evidence of workers' compensation benefits paid to Salinas was admissible, and Donahue and Malco argued

*continued on next page...*

NRS 616C.215(10) states that "[i]n any trial of an action by the injured employee, . . . the jury must receive proof of *the amount* of all payments made or to be made by the insurer or the Administrator." (Emphasis added.) In *Tri-County Equipment & Leasing, L.L.C. v. Klinke*, this court reversed a judgment on a jury verdict where the district court had refused to admit evidence of the amount of workers' compensation received by the plaintiff. 128 Nev. ___, ___, 286 P.3d 593, 596-97 (2012). Despite our holding in *Tri-County*, Salinas argues that because the mandate in NRS 616C.215(10) is entirely for the benefit of the plaintiff, we should determine that the plaintiff may waive that requirement. Citing *Cramer v. Peavy*, 116 Nev. 575, 581, 3 P.3d 665, 669 (2000), Salinas maintains that this court characterized the legislative intent behind the statute as a desire to curb speculation by juries that results in reduced awards for plaintiffs. But Salinas fails to recognize that in *Tri-County* we specifically discussed *Cramer* and held that NRS 616C.215 was meant to benefit both plaintiffs and defendants, and its primary purpose was to "avoid confusing the jury about the payment and nature of workers' compensation benefits, and their relation to the damages awarded." 128 Nev. at ___, 286 P.3d at 596.

---

*...continued*
that the exact amount was admissible. The district court then held a hearing on the issue and ruled that evidence that Salinas received workers' compensation benefits was admissible, but the exact amount of benefits paid was not because it was "immaterial." Thus, this issue was preserved for appeal. *See Richmond v. State*, 118 Nev. 924, 932, 59 P.3d 1249, 1254 (2002) (holding that a motion in limine is sufficient to preserve an issue for appeal when the issue has been briefed, the district court has fully considered the issue, and the court has made "a definitive ruling").

Furthermore, the plain language of the statute requires that the jury "*must* receive proof of the amount of all payments made." NRS 616C.215(10) (emphasis added). There is nothing in the statute's language to indicate that disclosure occurs only when the plaintiff requests it, or that plaintiff can waive this requirement. *See Potter v. Potter*, 121 Nev. 613, 616, 119 P.3d 1246, 1248 (2005) ("When the language of a statute is clear and unambiguous, its apparent intent must be given effect.").

Salinas also argues that even if the amount of workers' compensation benefits she received was required to be disclosed, any error was harmless. Although our review of the record reveals that the jury heard testimony regarding the amount billed by Salinas's medical care providers, there is nothing in the record to show the amount of workers' compensation benefits Salinas received or the amount actually paid to her medical care providers by the workers' compensation carrier. Thus, we cannot conclude that the error was harmless. In fact, while the record before us is limited, Salinas testified in her deposition that she received $8,615.49 in workers' compensation benefits, yet the jury awarded her $63,000 in past medical expenses. The large discrepancy, without more information, precludes any harmless error analysis.

Finally, Salinas argues that if NRS 616C.215 is interpreted to require the amount of workers' compensation benefits paid to the employee to be disclosed to the jury, then it is unconstitutional because it violates the employee's equal protection rights. However, Salinas admits that there is no suspect class or fundamental right at issue and that rational basis review applies.

This court reviews the constitutionality of a statute de novo. *Zamora v. Price*, 125 Nev. 388, 391, 213 P.3d 490, 492 (2009). NRS 616C.215 was enacted out of concern that juries were speculating as to the amount of the workers' compensation benefits received and reducing the award accordingly. *See Cramer*, 116 Nev. at 581, 3 P.3d at 669. Because requiring the jury to hear the amount of workers' compensation benefits received by a plaintiff is rationally related to the government interest in obtaining jury verdicts based on the law and facts, as opposed to speculation, we conclude that NRS 616C.215 does not violate equal protection. *See Zamora*, 125 Nev. at 395-96, 213 P.3d at 495 (stating that under "rational basis review . . . we will not overturn a law unless the treatment of different groups 'is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [L]egislature's actions were irrational'" (second alteration in original) (quoting *Barrett v. Baird*, 111 Nev. 1496, 1509-10, 908 P.2d 689, 698-99 (1995), *overruled on other grounds by Lioce v. Cohen*, 124 Nev. 1, 17, 174 P.3d 970, 980 (2008))).

Accordingly, we conclude that the district court committed reversible error when it refused to allow admission of evidence regarding the amount of workers' compensation benefits paid to Salinas. However, because the error is related solely to the issue of damages, and is not interrelated or connected to the issue of liability or the allocation of liability, we further conclude that any new trial would be limited solely to the issue of damages. *Cf. Shere v. Davis*, 95 Nev. 491, 493, 596 P.2d 499, 500 (1979) (holding that a new trial on liability *and* damages is appropriate only where there is an "interrelationship of the liability and damage issues").

*This court does not have jurisdiction to consider Malco's joint and several liability argument*

Malco argues that the district court erred in applying joint and several liability to the amount of the judgment because, pursuant to NRS 41.141, Malco should only be held severally liable. Malco further argues that although NRCP 60(b) motions are limited in their scope, its motion was also validly brought pursuant to NRCP 59(e). Salinas argues that this court lacks jurisdiction to consider Malco's joint and several liability argument on appeal. We agree with Salinas.

Notice of entry of the judgment was served on July 27, 2011. On August 3, 2011, an amended judgment was entered that simply corrected a clerical error, but the notice of entry of the amended judgment was not served until December 27, 2011. On August 4, 2011, Malco filed its first post-trial motion pursuant to NRCP 59(e) without arguing that joint and several liability was inapplicable. Although the district court orally denied that motion at a hearing held in late August 2011, notice of entry of the order was not served until February 7, 2012.

Malco timely appealed the final judgment on August 25, 2011. In the meantime, on October 14, 2011, Malco filed another motion pursuant to NRCP 60(b) or, alternatively, NRCP 59(e), arguing for the first time that the judgment should be altered or amended because joint and several liability was inapplicable and that it should only be held severally liable. The district court denied that motion and the entry of that order was served on December 9, 2011. We first address Malco's arguments regarding the NRCP 59(e) alternative basis for its October 2011 motion.

*NRCP 59(e)*

A party seeking to alter or amend a judgment must file a motion "no later than 10 days after service of written notice of entry of the judgment." NRCP 59(e). Malco unpersuasively argues that we have jurisdiction to consider this issue since a "second" judgment was entered in August 2011, but written notice of entry of the "second" judgment was not served until December 2011. Thus, its NRCP 59 motion filed in October 2011 was timely. We disagree.

The very authority Malco cites in support of its argument states that the time for filing motions only runs from the second judgment if that judgment makes "a change of substance which 'disturbed or revised legal rights and obligations.'" *Cornist v. Richland Parish Sch. Bd.*, 479 F.2d 37, 39 (5th Cir. 1973) (quoting *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 212 (1952)). This is consistent with this court's similar pronouncement in *Morrell v. Edwards* that an amended judgment only affects the timing of an appeal when it "affect[s] the legal rights and obligations of the parties" as set out in the original judgment. 98 Nev. 91, 92-93, 640 P.2d 1322, 1324 (1982). In this case, the amended judgment did not make any substantive changes affecting the legal rights or obligations of the parties; it merely corrected a clerical error. Therefore, the time for filing NRCP 59 motions was not altered by the entry of the amended judgment, and we conclude that, to the extent that Malco's October 2011 motion was based on NRCP 59(e), it was untimely.[3]

---

[3]In furtherance of its argument regarding the timeliness of its NRCP 59(e) motion, Malco appears to infer that the timing for filing such a motion was extended because its first NRCP 59(e) motion was timely filed in August and, since notice of entry of the order denying that motion was not served until February 2012, the August motion was still pending

*continued on next page...*

*NRCP 60(b)*

Salinas argues that even if Malco's motion was made pursuant to Rule 60(b), this court still does not have jurisdiction because Malco had already filed a notice of appeal, and that divested the district court of jurisdiction to consider the motion. Malco argues that its October 2011 motion was made pursuant to NRCP 60(b), as well as NRCP 59(e), and the motion was timely under NRCP 60(b) because it was filed within 6 months of service of the notice of entry of judgment. Because its motion was timely made, Malco argues that the district court had jurisdiction to consider and deny the motion pursuant to this court's holding in *Foster v. Dingwall*, 126 Nev. 49, 52-53, 228 P.3d 453, 455 (2010).

Generally "the perfection of an appeal divests the district court of jurisdiction"; however, the court does "retain[ ] a limited jurisdiction to review motions made in accordance with" the procedures set forth in NRCP 60(b). *Foster*, 126 Nev. at 52, 228 P.3d at 455. When reviewing such motions, "the district court has jurisdiction to direct briefing on the motion, hold a hearing regarding the motion, and enter an order denying the motion." *Id.* at 52-53, 228 P.3d at 455. This court clarified that, while the district court "lacks jurisdiction to enter an order granting such a motion" it "*does* have jurisdiction to *deny* such requests." *Id.* at 53, 228 P.3d at 455. Thus, although the district court had

_____

...*continued*

before the court. However, Malco does not cite to any authority, nor are we aware of any, to support this proposition. Moreover, under NRAP 4(a)(4)(C), a motion made pursuant to NRCP 59 will toll the time for filing a notice of appeal, but the rule makes no mention of tolling the time to file additional NRCP 59(e) motions beyond that rule's mandated period of "no later than 10 days after the service of the entry of the judgment."

jurisdiction to consider and deny Malco's NRCP 60(b) motion, we nonetheless conclude that the motion was an improper NRCP 60(b) motion.

NRCP 60(b) allows the district court to relieve a party from a final judgment for several enumerated reasons, including, among others, mistake, inadvertence, and excusable neglect. Although Malco couched its October 2011 motion as a NRCP 60(b) motion, Malco did not specify the basis for which it was seeking relief under NRCP 60(b). Rather, the motion focused mainly on the law of joint and several liability and Malco's reasoning for why it should only be held severally liable. Thus, we conclude that the October 2011 motion was not a proper NRCP 60(b) motion, but rather, was a NRCP 59(e) motion that we have already concluded was untimely filed. As such, we further conclude that we are without jurisdiction to review the issue of joint and several liability raised by Malco on appeal.[4]

Accordingly, for the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED with the exception of its award of damages. On the issue of damages, we

---

[4]We have considered Donahue's and Malco's other assignments of error raised on appeal conclude that they lack merit.

REVERSE that portion of the district court's judgment AND REMAND this matter to the district court for further proceedings consistent with the order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Joseph T. Bonaventure, Senior Judge
Larry J. Cohen, Settlement Judge
Law Offices of Kenneth E. Goates
Hall Jaffe & Clayton, LLP
Lewis Roca Rothgerber LLP/Las Vegas
Stovall & Associates
Thomas & Springberg, P.C.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A