# IN THE SUPREME COURT OF THE STATE OF NEVADA

GSE, INC.,
Appellant,
vs.
ENGELHARDT CONSULTING, LLC,
Respondent.

No. 69718

FILED

JAN 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER DISMISSING IN PART AND AFFIRMING IN PART

This is an appeal from a district court order amending a final judgment. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

Appellant GSE, Inc., contacted respondent Engelhardt Consulting, LLC, about providing management support assistance for a government project. Although Engelhardt provided a proposed contract for the work, the contract was never fully executed. Both parties, however, proceeded according to the contract until the time that GSE terminated Engelhardt. Following the termination, Engelhardt sued GSE for various contract claims based on the terms of the unsigned contract and GSE countersued. At the conclusion of the case, the district court determined that the parties had adopted the contract by their actions and, based on the contract terms, GSE owed Engelhardt approximately $48,000. The final order and judgment, entered on June 1, 2015, further ordered Engelhardt

18-02188

to provide GSE "an invoice or invoices in a form that is consistent with governmental requirements" within a set time-period.[1]

Within the time-period set by the district court judgment, Engelhardt submitted proposed invoices to GSE. Not hearing any objection to the proposed invoices, Engelhardt submitted all the required invoices to GSE based on the initial, proposed invoices. GSE raised no objection to the form of the additional invoices until approximately five months after they were submitted, which coincided with the sheriff's sale of GSE's property to satisfy Engelhardt's money judgment against GSE. Engelhardt then moved the district court for NRCP 60(b) relief, asserting that it had provided the required invoices without timely objection from GSE, thus the invoice requirement should be removed from the judgment. The district court granted the motion over GSE's opposition, stating that GSE "did not make any timely objections to [Engelhardt about] the invoices that [Engelhardt] provided to [GSE]'s former legal counsel in May 2015 and further determining that the invoicing requirement contained in the Judgment dated June 1, 2015 is no longer required." An amended judgment to that effect was entered on December 1, 2015. This appeal followed.

GSE's first argument on appeal is that the district court erred in its June 1 order when it found that the parties had adopted Engelhardt's proposed contract by their actions. GSE asserts that this court can address this argument, despite GSE's failure to timely appeal the June 1 order, because that order was conditional and therefore not a final order from which an appeal could be taken. *See* NRAP 3A(b)(1) (allowing an appeal to

_____

[1]The district court orally instructed GSE to review and approve any invoices submitted by Engelhardt pursuant to the judgment, but that instruction was not included in the written order.

be taken from a final judgment). GSE claims that the June 1 order is conditional because it required the district court to take future action to determine if Engelhardt provided invoices that met government requirements. We disagree.

We have stated many times that a final judgment "is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). A conditional judgment, on the other hand, "specif[ies] a trial court will exercise its jurisdiction and take action based upon some future conduct by a party." Daniel A. Real, *Appellate Practice in Nebraska: A Thorough, Though Not Exhaustive, Primer in How to Do It and How to be More Effective*, 39 Creighton L. Rev. 29, 43 (2005). A conditional judgment may still be appealable as a final judgment, however, if the conditions are self-executing and there is no further action required by the court. *See* 4 Am. Jur. 2d *Appellate Review* § 171 (2017) ("Generally, in order to be final, a judgment must not be conditional. However, the fact that a judgment is conditional will not prevent it from being a final, appealable judgment provided, so far as the condition is concerned, the order is self-executing and requires no further judicial act."); 4 C.J.S. *Appeal & Error* § 144 (2017) ("A conditional decree . . . which disposes of the whole controversy as to all the parties under the facts existing at the time the decree is rendered may be considered final for purposes of appeal.").

In this case, the June 1 order and judgment left nothing for future consideration of the court, despite GSE's arguments to the contrary. While the judgment did require Engelhardt to submit additional invoices to GSE, it contained no language indicating that the court would exercise its

jurisdiction to later review those invoices. As such, and because there were no remaining issues to be disposed of, the June 1 order and judgment was a final judgment, and GSE's failure to timely appeal that judgment prevents this court from having jurisdiction to consider any arguments challenging it. Accordingly, we dismiss GSE's appeal insofar as it raises challenges to the June 1 order and judgment.

This court does, however, have jurisdiction to review the December 1 order and amended judgment as orders granting or denying NRCP 60(b) relief are independently appealable. *See Foster v. Dingwall,* 126 Nev. 49, 53 n.3, 228 P.3d 453, 456 n.3 (2010). To that end, GSE argues that the district court abused its discretion in granting Engelhardt's motion to amend the final judgment because none of the bases for granting NRCP 60(b) relief were present. Again, we disagree. Pursuant to NRCP 60(b)(5), a court has the discretion to relieve a party from a final judgment because "the judgment has been satisfied." In this case, evidence was presented to the district court that Engelhardt had timely submitted the invoices required by the June 1 judgment to GSE and that GSE voiced no objection to those invoices until nearly five months later. Furthermore, GSE provided no reasonable explanation for its failure to timely notify Engelhardt of any concerns it had regarding the invoices. Based on this evidence, we cannot conclude that the district court abused its discretion in finding that Engelhardt satisfied the June 1 judgment's invoice requirement and amending the judgment to reflect that satisfaction.[2] *See Ford v. Branch*

---

[2]While the language of the district court's order could have been more precise, it is clear that the court found that Engelhardt's actions of submitting timely invoices to GSE without timely objection from GSE constituted satisfaction of that portion of the June 1 judgment.

*Banking & Tr. Co.*, 131 Nev., Adv. Op. 53, 353 P.3d 1200, 1202 (2015) (reviewing an NRCP 60(b) order for an abuse of discretion). Accordingly, we affirm the district court's grant of NRCP 60(b) relief.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Hon. Nathan Tod Young, District Judge
     Jonathan L. Andrews, Settlement Judge
     Adam T. Spicer
     Kathleen Ann Aberegg
     Rowe & Hales, LLP
     Douglas County Clerk