# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS EDWARD O'DONNELL,
Appellant,
vs.
THE STATE OF NEVADA; JO GENTRY,
WARDEN; AND OFFENDER
MANAGEMENT DIVISION,
Respondents.

No. 74671



FILED

OCT 0 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from a district court order denying a postconviction petition for writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant's notice of appeal was docketed in this court on December 15, 2017. Although the district court had orally denied appellant's petition during a hearing held November 21, 2017, at the time the notice of appeal was filed, no written decision memorializing the order had been filed. Accordingly, on January 10, 2018, this court entered an order directing the district court to enter and transmit to this court a written order, or inform this court if it was reconsidering its decision.[1] In response, the district court filed a document in this court indicating that appellant's motion to reconsider was filed below and was set for hearing on the district court's calendar on May 1, 2018. After receiving no

---

[1]Prior to the entry of a final written judgment, and the timely filing of a notice of appeal, the district court technically retains jurisdiction over appellant's case. *See Bradley v. State*, 109 Nev. 1090, 1094-95, 864 P.2d 1272, 1275 (1993). In a criminal case, a notice of appeal filed after announcement of the decision, but before entry of the written judgment or order is deemed to have been filed after such entry and on the day thereof. NRAP 4(b)(2).

18-38231

communication from the district court subsequent to the May 1 hearing date, this court issued an order, on June 4, 2018, again directing the district court to enter and transmit a written order resolving appellant's habeas petition, or inform this court if it was reconsidering its decision. Thereafter, the district court transmitted its written order, entered June 22, 2018, denying appellant's habeas petition, and this appeal was allowed to proceed.

On September 24, 2018, the district court transmitted to this court an order entered August 24, 2018. The order 1) declared that the district court's June 22, 2018, order denying appellant's habeas petition was entered in error; 2) withdrew the June 22, 2018, order; 3) struck the June 22, 2018, order from the record; and 4) granted appellant's motion for reconsideration.[2] In light of the district court's August 24, 2018, order, it appears that no final judgment has been entered below and, therefore, this

---

[2]Although the district court likely lacked jurisdiction to reconsider the June 22, 2018, order denying appellant's habeas petition, we construe the August 24, 2018, order granting reconsideration as indicating the district court's dissatisfaction with the denial of the habeas petition and intention to conduct further proceedings on the matter. *See George v. State*, 122 Nev. 1, 3, 127 P.3d 1055, 1056 (2006). We remind the parties and the district court that after a notice of appeal is filed, the district court retains jurisdiction to decide matters collateral to or independent from the issues on appeal, to enforce orders that are before this court on appeal, and to hold hearings concerning matters that are pending before this court. *See Foster v. Dingwall*, 126 Nev. 49, 52-53, 228 P.3d 453, 455 (2010); *Mack-Manley v. Manley*, 122 Nev. 849, 855, 858, 138 P.3d 525, 531, 532 (2006) (providing that the district court has the authority to resolve matters that are collateral to and independent of the issues on appeal, "i.e., matters that in no way affect the appeal's merits," and explaining that a "district court has the power to enforce" its order being challenged on appeal). However, the district court is without jurisdiction to enter an order that modifies or affects the order being challenged on appeal. *Foster*, 126 Nev. at 52-53, 228 P.3d at 455.

court lacks jurisdiction over this appeal. *See* NRS 177.015(3) (providing that a defendant may appeal from a final judgment). Accordingly, we ORDER this appeal DISMISSED.

_____ Cherry , J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc: Hon. Linda Marie Bell, Chief Judge
Thomas Edward O'Donnell
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk