# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARK COUNTY OFFICE OF THE
CORONER/MEDICAL EXAMINER,
Appellant,
vs.
LAS VEGAS REVIEW-JOURNAL; AND
THE ASSOCIATED PRESS,
Respondents.

No. 76436



FILED

MAR 25 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order awarding attorney fees and costs in an action to compel the production of records under the Nevada Public Records Act. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

This appeal involves a dispute over autopsy reports and other records relating to the tragic mass shooting that occurred in Las Vegas at the Route 91 Harvest Country Music Festival on October 1, 2017 (October 1). The Las Vegas Review-Journal (LVRJ) submitted a public records request under the Nevada Public Records Act (NPRA) to the Clark County Office of the Coroner/Medical Examiner (Coroner's Office) seeking autopsy reports for the October 1 victims and the shooter. The Associated Press (AP) requested the same records. The Coroner's Office denied the LVRJ's request, and after initially acknowledging the AP's request, responded no further to the AP.

The LVRJ and the AP (LVRJ/AP) filed a joint petition requesting that the district court compel access to the October 1 autopsy

reports under the NPRA.[1] The district court concluded that the Coroner's Office had not complied with the NPRA, granted the joint petition, and ordered the Coroner's Office to immediately make the October 1 records available for inspection and copying. In light of the unprecedented nature of the October 1 shooting, the district court found that there was no bad faith in the Coroner's Office's non-compliance with the NPRA.

The district court's order granting the LVRJ/AP's joint petition was entered on February 7, 2018. The district court extended the 20-day filing deadline for a motion for attorney fees to March 9, 2018, based on the parties' signed stipulation to extend the deadline, which the parties executed through their respective counsel on March 1, 2018. After the LVRJ/AP requested $31,873.03 in attorney fees and costs on March 9, 2018, the Coroner's Office opposed the motion, arguing that the stipulation to extend, which it had signed, was nevertheless invalid. The Coroner's Office argued that the parties' March 1st stipulation was invalid because, under NRCP 54(d)(2)(B),[2] the last day to extend the attorney fee deadline was February 27, 2018, 20 days from the service of the notice of entry of judgment in the underlying NPRA action. The Coroner's Office also argued

---

[1]The Nevada Legislature recently amended the NPRA with the passage of Senate Bill 287. S.B. 287, 80th Leg. (Nev. 2019). The legislation's "amendatory provisions . . . apply to all actions filed on or after October 1, 2019." 2019 Nev. Stat., ch. 612, § 11, at 4008. In this order, we apply and interpret the version of the NPRA in effect at the time this action commenced.

[2]The Nevada Rules of Civil Procedure were amended effective March 1, 2019. *In re Comm. to Update and Revise the Nev. Rules of Civil Procedure*, ADKT 522 (Order Amending the Rules of Civil Procedure, the Rules of Appellate Procedure, and the Nevada Electronic Filing and Conversion Rules, Dec. 31, 2018). In this order, we apply and interpret the pre-amended version of the NRCP in effect when this action commenced.

that it was statutorily immune from paying an award of attorney fees in an NPRA action because it responded to the LVRJ/AP's public records requests in good faith.

The district court held a hearing on the LVRJ/AP's motion for attorney fees and rejected the Coroner's Office's arguments. The district court determined that the parties' March 1st signed stipulation was valid and controlling based on Eighth Judicial District Court Rule (EDCR) 7.50, and concluded as a matter of law that the NPRA does not immunize a governmental entity from an award of attorney fees in a public records action, regardless of the governmental entity's good-faith response. Having concluded that the LVRJ/AP prevailed in its NPRA action, the district court determined that the requested $31,873.03 in attorney fees and costs was reasonable and awarded that amount.

The Coroner's Office challenges the attorney fee award, arguing that under NRCP 54(d)(2)(B), the district court lacked jurisdiction to extend the 20-day deadline to request attorney fees, despite the parties' stipulation to extend the deadline to March 9, 2018. The Coroner's Office also repeats its argument that the NPRA immunizes a governmental entity from attorney fees and costs if the governmental entity responds in good faith to a public records request. Having considered the parties' arguments and the points raised during oral argument, we affirm the district court's order.

## DISCUSSION

The Coroner's Office argues that the district court's order accepting the parties' stipulation to extend time based on EDCR 7.50 violated NRCP 54(d)(2)(B)'s 20-day deadline for requesting attorney fees. The question whether a signed, written stipulation by parties to an action conflicts with the NRCP presents a question of law subject to de novo review. *The Power Co. v. Henry*, 130 Nev. 182, 186, 321 P.3d 858, 860-61

(2014). The specific question whether NRCP 6's deadline extension provisions apply to the deadlines of another procedural rule presents an issue of law reviewed de novo. *Moseley v. Eighth Judicial Dist. Court*, 124 Nev. 654, 662, 188 P.3d 1136, 1142 (2008). The decision to accept a stipulation is generally left to the discretion of the district court. *Citicorp Servs., Inc. v. Lee*, 99 Nev. 511, 513, 665 P.2d 265, 266-67 (1983).

*The district court did not abuse its discretion by accepting the parties' written stipulation to extend the time for the LVRJ/AP to request attorney fees*

In an action to compel production of public records, the NPRA entitles a prevailing records requester "to recover . . . costs and reasonable attorney[ ] fees . . . from the governmental entity whose officer has custody of the book or record." NRS 239.011(2) (2013). In their pre-amended versions, NRCP 54(d)(2)(B) required a motion for attorney fees to be made within 20 days after service of the notice of entry of judgment, and NRCP 6(b) generally provided that procedural deadlines may be extended, except for deadlines contained in specified rules of procedure. NRCP 6(b) authorized extensions in two ways: the parties to an action could extend a deadline "by written stipulation of counsel filed in the action," or the court, under certain specified circumstances, could order an extension. Rule 6(b) did not limit an extension by stipulation of the parties by whether or not the deadline had passed. Consistent with Rule 6(b), EDCR 7.50 gives effect to consensual, written stipulations signed by the parties or their counsel.

"Nevada's Rules of Civil Procedure are subject to the same rules of interpretation as statutes." *Barbara Ann Hollier Tr. v. Shack*, 131 Nev. 582, 588, 356 P.3d 1085, 1089 (2015) (internal quotation marks omitted). "[W]hen the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it." *Id.* (alteration in original) (internal quotation marks omitted). "This court

follows the principle of statutory construction that the mention of one thing implies the exclusion of another." *Rural Tel. Co. v. Pub. Util. Comm'n.*, 133 Nev. 387, 389, 398 P.3d 909, 911 (2017) (internal quotation marks omitted). And "whenever possible, [this] court will interpret a rule or statute in harmony with other rules or statutes." *Moseley*, 124 Nev. at 664, 188 P.3d at 1143 (internal quotation marks omitted).

NRCP 6(b)'s pre-amended language plainly allows deadline extensions either by written stipulation of the parties or by court order, with specific limitations identified in NRCP 6(b)(2), which lists only Rules 50(b), 50(c)(2), 52(b), 59(b), (d) and (e), and 60(b) as ineligible for extensions. No other procedural rules are excluded. NRCP 6(b)(2)'s identification of specific procedural deadlines that may not be extended implies that a procedural deadline not listed in NRCP 6(b)(2) may be extended. We have previously held that a procedural deadline, even one that is "strictly interpreted," may be extended if the deadline is absent from Rule 6(b)(2)'s list prohibiting extensions for certain procedural rules. *Moseley*, 124 Nev. at 662, 665, 188 P.3d at 1142, 1144 (holding that "[b]ecause Rule 6(b)(2) does not specifically state that the district court cannot extend the time for taking any action under NRCP 25 . . . NRCP 6(b)(2) may be used to obtain an extension of time to move for substitution upon a proper showing of excusable neglect"). Because the 20-day deadline in NRCP 54(d)(2)(B) is not covered by Rule 6(b)(2)'s prohibitions on extensions, the parties could stipulate to an extension under Rule 6(b).[3] We are not persuaded that the

---

[3]This court's observation in *Barbara Ann Hollier Trust v. Shack*, 131 Nev. 582, 591, 356 P.3d 1085, 1091 (2015) that NRCP 54(d)(2)(B) "prevents a district court judge from granting a litigant a second chance at filing a motion for attorney fees" does not control here, where both parties stipulated in writing to extend the time to request attorney fees.

Coroner's Office cannot be held to its signed stipulation permitting the LVRJ/AP more time to request attorney fees.

Equally unpersuasive is the Coroner's Office's argument that the extension of time beyond NRCP 54(d)(2)(B)'s 20-day deadline created a jurisdictional defect. We may look to federal interpretations of corresponding federal counterparts to Nevada's procedural rules for persuasive guidance. *Moseley*, 124 Nev. at 662-63, 188 P.3d at 1142. Federal courts have held that FRCP 54's 14-day deadline for requesting attorney fees is not jurisdictional. *See, e.g., Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 671 (9th Cir. 2018) ("We have repeatedly held that the fourteen-day deadline under Rule 54 is not jurisdictional." (internal quotation marks omitted)); *Srivastava v. Trs. of Indiana Univ.*, No. 99-3272, 2000 WL 975172, at *3 (7th Cir. 2000) ("[W]e believe that a failure to file a motion for attorney's fees under 54(d)(2) within the time prescribed is not a jurisdictional defect.").

Here, on March 1, 2018, the Coroner's Office and the LVRJ/AP executed a written stipulation, signed by counsel for both parties, allowing the LVRJ/AP to move for attorney's fees by March 9, 2018, in order to accommodate the schedule of counsel for the LVRJ/AP. The district court signed the order the same day, and entered a notice of entry of order regarding the stipulation on March 6, 2018. As agreed, the LVRJ/AP requested attorney fees and costs on March 9, 2018. The parties' stipulation was authorized by Rule 6(b), which placed no limitation on the parties' ability to stipulate to extend time for requesting attorney fees.

"[S]tipulations are of an inestimable value in the administration of justice, and valid stipulations are controlling and conclusive and both trial and appellate courts are bound to enforce them." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102,

1118, 197 P.3d 1032, 1042 (2008) (internal quotation marks omitted). The Coroner's Office has not argued that it signed the stipulation "through mistake, fraud, collusion, accident or some ground of like nature" sufficient to justify setting the stipulation aside. *Citicorp Servs., Inc.*, 99 Nev. at 513, 665 P.2d at 266. Accordingly, we conclude that the district court acted within its discretion to accept the parties' written stipulation allowing the LVRJ/AP more time to request attorney fees.

*The NPRA does not immunize governmental entities from an award of attorney fees*

The Coroner's Office challenges the award of attorney fees on the basis that NRS 239.012 immunizes a governmental entity from an attorney fees award if the governmental entity responds to a public records request in good faith. Specifically, the Coroner's Office argues that NRS 239.011(2), which entitles a prevailing records requester to attorney fees and costs, must be interpreted in conjunction with NRS 239.012, which extends immunity from "damages" to a governmental entity that withholds or discloses records in good faith when responding to a records request. We recently rejected this argument in *Clark County Office of the Coroner v. Las Vegas Review-Journal*, 136 Nev., Adv. Op. 5, ___ P.3d ___ (2020), and we reject it here as well. The district court correctly concluded that NRS 239.011(2) and NRS 239.012 address distinct issues and are to be interpreted independently.[4]

_____

[4]The Coroner's Office specifically challenges the district court's award of $96 in administrative fees and $789.53 in costs that were purportedly not itemized, but were included in the award of $31,873.03. The order indicated that the court was satisfied with the documentation the LVRJ/AP provided to support its request. We conclude that the district court did not abuse its discretion by including the disputed amounts in its award. *Logan v. Abe,*

The Coroner's Office does not dispute that the LVRJ/AP was the prevailing party in its NPRA action, nor does it challenge the district court's determination that its award of attorney fees and costs was reasonable.

Having concluded that the Coroner's Office's remaining arguments are unavailing,[5] we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.        _____, J.
Gibbons                             Hardesty

_____, J.        _____, J.
Parraguirre                         Stiglich

_____, J.        _____, J.
Cadish                              Silver

---

131 Nev. 260, 266-67, 350 P.3d 1139, 1143-44 (2015) (an award of attorney fees and costs is reviewed for an abuse of discretion).

[5]The Coroner's Office moved to strike portions of the LVRJ/AP's respondents' appendix, arguing that certain documents therein, including a scanned copy of the Nevada Legislative Counsel Bureau, *Study of Nevada Laws Governing Public Books and Records*, Bulletin 93-9 (Sept. 1992), were not properly filed in district court and improperly appear in the record on appeal. We note that the Coroner's Office's own appendix included exhibits filed in district court that specifically referenced Bulletin 93-9, and, in any event, the challenged documents did not inform our decision here. Accordingly, we deny as moot the Coroner's Office's motion to strike.

cc:    Hon. Timothy C. Williams, District Judge
       Marquis Aurbach Coffing
       Clark County District Attorney/Civil Division
       Claggett & Sykes Law Firm
       McLetchie Law
       Eighth District Court Clerk