IN THE SUPREME COURT OF THE STATE OF NEVADA

CANDY CARILLO, RN, AN INDIVIDUAL; JAIRO RODRIGUEZ, PAC, AN INDIVIDUAL; AND INJURY MEDICAL CONSULTANTS, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellants,
vs.
DOUGLAS B. ROSS, M.D., AN INDIVIDUAL,
Respondent.

No. 76095

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order granting in part and denying in part a motion to dissolve or modify a preliminary injunction in a business dispute matter. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

This case arises from a dispute regarding the operations of a pain management clinic. The parties initially stipulated to a preliminary injunction regarding the clinic's continued operations. Several years later, the district court denied appellants' motion to dissolve the injunction, but granted, in part, their request to modify the injunction by striking certain provisions the parties stipulated were moot.[2]

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]We reject Dr. Ross's argument that this court lacks jurisdiction over this appeal because a motion for reconsideration remains pending below. The record shows that appellants filed the motion after filing the notice of appeal. *See Foster v. Dingwall*, 126 Nev. 49, 52, 228 P.3d 453, 454-55 (2010) ("[T]he timely filing of a notice of appeal divests the district court of

20-23423

Initially, we decline to address any of the injunction provisions that appellants did not challenge below and only did so for the first time in their reply brief. *See Khoury v. Seastrand*, 132 Nev. 520, 530 n.2, 377 P.3d 81, 88 n.2 (2016) (declining to consider an issue raised for the first time in the reply brief); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal"). And appellants did not support their argument that the injunction improperly ordered monetary relief with relevant authority such that we decline to address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider arguments not supported by relevant authority).

Appellants also argue that the district court abused its discretion by refusing to dissolve the preliminary injunction, claiming that it exceeded the scope of the parties' stipulations. *See Finkel v. Cashman Prof'l., Inc.*, 128 Nev. 68, 76, 270 P.3d 1259, 1265 (2012) (reviewing a district court's refusal to dissolve an injunction for an abuse of discretion). We disagree, as the record reveals that appellants' prior counsel stipulated to each of the provisions challenged on appeal.[3] Furthermore, appellants did

---

jurisdiction to act and vests jurisdiction in this court." (internal quotation marks omitted)). And we do not address any provisions of the injunction that apply only to Rutishauser LLC, whose appeal was dismissed without prejudice in a separate order due to a bankruptcy stay.

[3]We decline to address appellants' argument that section (vi) goes beyond the parties' stipulation because the district court accepted the parties' stipulation to strike this section as moot. *See Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179,

not demonstrate that prior counsel's stipulations were the product of mistake, fraud, collusion, or accident. *See Citicorp Servs., Inc. v. Lee*, 99 Nev. 511, 513, 665 P.2d 265, 266-67 (1983) (explaining that the district court has discretion to set aside a stipulation "upon a showing that it was entered into through mistake, fraud, collusion, [or] accident"). We similarly conclude that the district court did not abuse its discretion by denying appellants' request to increase the amount of the bond, as the parties agreed on a nominal bond after initially stipulating to no bond requirement.[4] *See Dangberg Holdings Nev. L.L.C. v. Douglas Cty.*, 115 Nev. 129, 145, 978 P.2d 311, 320 (1999) ("We have previously held that the district court's failure to require the applicant to post security voids an order imposing a preliminary injunction.").

We also reject appellants' argument that the preliminary injunction should be voided because it is impermissibly vague, as its terms are not so uncertain as to render compliance impossible. *See Maheu v. Hughes Tool Co.*, 88 Nev. 592, 598, 503 P.2d 4, 8 (1972) (voiding an injunction provision whose language was "so uncertain and indefinite as to be impossible of compliance"). Although the district court found that some of the injunction's provisions were moot and unenforceable without specifically identifying those provisions, the injunction's language is sufficiently clear for the parties to determine what conduct is prohibited.

---

186 (2004) (explaining that this court will generally "not give opinions upon moot questions").

[4]Appellants' argument that Dr. Ross failed to demonstrate irreparable harm fails as the parties stipulated to the challenged terms and, as explained above, appellants fail to demonstrate that the stipulations were the product of mistake, fraud, collusion, accident, or such like terms.

*See* NRCP 65(d)(1)(C) (requiring injunctions to contain specific terms and "describe in reasonable detail . . . the act or acts restrained or required"); *see also Maheu*, 88 Nev. at 597-98. 503 P.2d at 7-8. Indeed, the preliminary injunction plainly stated that certain sections were only to remain in effect until March 15, 2016.

Finally, while we agree with appellants that judicial estoppel does not apply in this case because there was only one proceeding, we nonetheless affirm because appellants failed to demonstrate a basis to dissolve or further modify the injunction. *See Deja Vu Showgirls v. State, Dep't of Tax.*, 130 Nev. 711, 716-17, 334 P.3d 387, 390-91 (2014) (setting forth the requirements for judicial estoppel); *see also Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (noting that this court may affirm so long as the district court reaches the correct result). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

cc:     Hon. Nancy L. Allf, District Judge
        Lansford W. Levitt, Settlement Judge
        Kung & Brown
        Law Office of Karen H. Ross
        Levine & Garfinkel
        Eighth District Court Clerk