HAROLD E. SHERE, Appellant, v. LEON D. DAVIS, Jr., Respondent.

No. 10126

June 28, 1979                                    596 P.2d 499

*Cromer, Barker & Michaelson,* and *Henry H. Rawlings, Jr.,* Las Vegas, for Appellant.

*Pomeranz & Crockett,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Leon Davis, Jr. brought an action against appellant Harold Shere to recover damages for personal injuries suffered as a result of an automobile accident that occurred when a vehicle driven by Shere struck the rear of Davis's automobile. Davis alleged the accident caused injury to his knee, neck and lower back, and sought recovery of medical expenses incurred for past treatment of those injuries as well as future expenses for prescribed physical therapy.

The court properly instructed the jury that if their verdict was for Davis, they should award past and future medical expenses as well as past and future pain and suffering endured as a result of the accident. The jury returned a verdict for Davis, but awarded him only $89.00, the cost of the initial emergency room visit. No damages were given for stipulated medical bills incurred for later treatment of any of the injuries, nor for pain and suffering or permanent disability. Davis then made a motion for additur, or in the alternative, a new trial limited to the issue of damages. The court granted Davis a new trial on all issues. Shere appeals claiming the trial court erred in so doing. We disagree.

Appellant Shere strenuously argues there was substantial conflicting evidence as to whether the accident caused the lower back injury,[1] and thus the verdict should not be disturbed.

---

[1] We question the substantiality of such evidence. Fox v. Cusick, 91 Nev. 218, 533 P.2d 466 (1975), and McKenna v. Ingersoll, 76 Nev. 169, 350 P.2d 725 (1960), cited by appellant, are inapposite to the case at bar. In both cases the jury rendered a verdict for the defendant. In *Fox,* the lower court granted a new trial on the basis that the verdict was against the weight of the evidence. Sufficiency of the evidence was no longer a ground for new trial under NRCP

However, even assuming no liability for the back injury, Shere presented no evidence refuting causation of the knee and neck injuries, for which part of the medical bills are attributed.

The jury rendered a verdict for Davis, but although properly instructed on the measure of damages, failed to award him any medical costs other than the emergency room charge. Since there was unrefuted evidence that as a result of the accident, Davis suffered injuries for which he incurred further medical bills, the jury, in failing to award Davis any of those costs, disregarded the court's instructions and damages were clearly inadequate. *Cf.* Drummond v. Mid-West Growers, 91 Nev. 698, 542 P.2d 198 (1975). Because of the jury's disregard for instructions, the case was a proper one for new trial. NRCP Rule 59(a)(5); Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1967). However, due to the interrelationship of the liability and damage issues, the case was not a proper one for a new trial limited to damages. *See* Myers v. Smith, 321 P.2d 551 (Wash. 1958); Keogh v. Maulding, 125 P.2d 858 (Cal.App. 1942). Thus, additur was also inappropriate. *See* Drummond v. Mid-West Growers, *supra*.[2] Although the motion requested only additur or a new trial limited to the issue of damages, the trial court had the power to grant a new trial on all issues. *See* Flores v. Brown, 248 P.2d 922 (Cal. 1952); Toshio Hamasaki v. Flotho, 248 P.2d 910 (Cal. 1952). It properly did so.

Affirmed.

---

Rule 59. We perceived no plain error or manifest injustice. Because evidence showed plaintiff had injured his back long before the accident, had recurring back problems, and had again injured his back after the accident but before trial, we held it was within the province of the jury to decide that an accident occurred without compensable injury. Thus, we were unable to find the jury had disregarded the court's instructions. In *McKenna,* the facts indicated the accident involved only a "slight tap" of defendant's vehicle, and an expert testified, based on x-rays, that he had no doubt plaintiff's condition existed prior to the accident. Thus, there was substantial conflicting evidence as to whether or not the accident was the cause of plaintiff's injury or of the aggravation of any pre-existing condition. In this case, however, the collision created considerable impact, causing substantial damage to both vehicles. The only conflicting evidence of causation of the injuries was the defense doctor's testimony that, years after the accident, he could not positively say whether Davis's back disability was caused by the accident as opposed to natural causes.

[2]In *Drummond* we held additur may be appropriate where the trial court determines: (1) that damages are clearly inadequate; and (2) that the case would be a proper one for granting a new trial limited to the issue of damages.