JOHN TAYLOR and RUTH TAYLOR, Appellants, v. WILLIAM SILVA, KELLY HIATT and A & K EARTHMOVERS, a Nevada Corporation, Respondents.

No. 10632

September 5, 1980                    615 P.2d 970

*Gary C. Backus,* Reno, for Appellants.

*Diehl, Recanzone & Evans,* Fallon, for Respondents.

## OPINION

By the Court, BATJER, J.:

John and Ruth Taylor appeal from a judgment in favor of respondents, William Silva, Kelly Hiatt, and A & K Earthmovers, and from an order denying their motion for a judgment notwithstanding verdict or a new trial. We agree with the

Taylors that the judgment must be reversed and the case remanded for a new trial on the ground that the jury exhibited a manifest disregard for the jury instructions.

This litigation stems from an accident that occurred in Fallon, Nevada, on October 1, 1975. Mrs. Taylor was driving eastbound on Williams Street, following an earthmover owned by A & K Earthmovers and driven by Silva.[1] The earthmover straddled both eastbound lanes. As the vehicles approached the intersection of Williams and Taylor Streets, the traffic signal turned red. Believing that the earthmover would continue on Williams, Mrs. Taylor drove her car to the right of the earthmover, in what would have been a parking lane but for the red curb, and prepared to turn right onto Taylor Street. As she was about to turn, the earthmover turned right, hitting the front left fender of Mrs. Taylor's car. Mrs. Taylor was thrown across the inside of her car and suffered neck injuries.

The Taylors filed an action for damages against respondents. Following a jury trial, the jury returned a special verdict finding that respondents were negligent, but that their negligence was not the proximate cause of Mrs. Taylor's injuries. Appellants' motion for a new trial or judgment notwithstanding verdict was denied and this appeal ensued.

A new trial may be granted if there was "[m]anifest disregard by the jury of the instructions of the court". NRCP 59(a)(5). Therefore, if the jurors could not have reached the verdict that they reached if they had properly applied the court's instruction on proximate cause, then the district court was obligated to grant a new trial. Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969); see also Groomes v. Fox, 96 Nev. 457, 611 P.2d 208 (1980); Shere v. Davis, 95 Nev. 491, 596 P.2d 499 (1979); Eikelberger v. Tolotti, 94 Nev. 58, 574 P.2d 277 (1978).

In this case, the jury found that respondents were negligent, but that respondents' negligence was not the proximate cause of Mrs. Taylor's injuries. During the trial, appellants argued that respondents negligently failed to signal the turn, to equip the earthmover with turn signals, to look before turning, to equip the earthmover with a rearview mirror, and to have an escort car. A finding of negligence on any of the alleged grounds would require a finding of actual causation. Mrs. Taylor would have been forewarned of Silva's intent to turn if

---

[1]Kelly Hiatt was Silva's employer.

Silva had signaled or if there had been an escort car. Silva would have been aware of Mrs. Taylor's presence if he had looked. Failure to take such precautions was a substantial factor in bringing about the accident and injuries. According to Mrs. Taylor's unrefuted testimony, she was in perfect physical health prior to the accident. *Cf.* Fox v. Cusick, 91 Nev. 218, 523 P.2d 466 (1975) (pre-existing back condition).

"Proximate cause is any cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred." Mahan v. Hafen, 76 Nev. 220, 225, 351 P.2d 617, 620 (1960); Drummond v. Mid-West Growers, 91 Nev. 698, 542 P.2d 198 (1975). A negligent defendant is responsible for all foreseeable consequences proximately caused by his or her negligent act. *See e.g., Price, supra;* Nevada Transfer & Warehouse Co. v. Peterson, 60 Nev. 90, 99 P.2d 633 (1940). There was no intervening force between respondents' negligence and the collision. The type of harm was foreseeable. Contributing fault, if any, on Mrs. Taylor's part could reduce her recovery under the doctrine of comparative negligence, but does not negate a finding that respondents' negligence was a proximate cause of her injuries. The jury was adequately instructed on the concept of proximate cause.[2] If the jury had correctly applied the law, it could not have found an absence of proximate cause.[3] Consequently, the case is remanded for a new trial.

In light of our disposition of this case, we decline to address the other issues raised on appeal.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[2]Instruction No. 22:

The term "proximate cause" means a cause which, in a direct unbroken sequence, produces the damage complained of, and without which the damage would not have occurred. Negligence is the proximate cause of the damage when the damage is the natural or probable result of the negligence. Such negligence need not be the only cause, but it must be one of them, and such as might have been reasonably foreseen as leading to damage of the general nature claimed in this case.

[3]A general verdict in favor of respondents may be correct if, for example, Mrs. Taylor's negligence was greater than respondents' negligence, NRS 41.141(1). It is possible that the jury disregarded or did not understand the difference between proximate cause and comparative negligence.