An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEJANDRO BARRERA-MEJIA,
Appellant,
vs.
MONICA GOMEZ,
Respondent.

No. 63572

**FILED**

OCT 16 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a new trial in a personal injury action. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Respondent Monica Gomez was a passenger in a vehicle driven by appellant Alejandro Barrera-Mejia when Barrera-Mejia drove through a yield sign and his vehicle was struck by another vehicle. Gomez was not taken to the hospital, but she sought medical treatment after experiencing pain in her neck and back that radiated down her arms and legs. She incurred significant medical expenses treating her cervical and lumbar disc injuries and undergoing surgery.

Gomez sued Barrera-Mejia for her injuries and medical expenses. The district court granted summary judgment to Gomez on Barrera-Mejia's liability, and the causation and damages questions went to trial. At trial, Gomez presented evidence of her medical procedures and the expenses therefrom and sought to prove causation through the expert witness testimony of two doctors, who both testified that Gomez's injuries and the treatment she received were caused by the accident. Barrera-Mejia presented evidence that Gomez had a business requiring physical

15-31580

labor and heavy lifting and presented the testimony of another doctor, who testified that Gomez had pre-existing complaints about pain in her neck, back, arms and legs. This doctor, however, also testified that Gomez's disc injuries were caused by the accident. After considering the evidence, the jury awarded Gomez $0 for damages.

Gomez moved for a new trial based on the jury's manifest disregard of the jury instructions and misconduct by Barrera-Mejia's counsel. The district court found that the jury had disregarded the jury instructions because the jurors could not have found an absence of damages when all three doctors testified that Gomez's disc injuries were caused by the accident. The district court also found that defense counsel improperly challenged Gomez's medical expenses through arguments that appealed solely to the emotions of the jury, and that the objections and admonishments given were insufficient to cure the effect of the improper arguments. The district court granted a new trial, and this appeal followed.

The district court may grant a new trial when, among other things, there is "[m]isconduct of the jury or prevailing party . . . [or] [m]anifest disregard by the jury of the instructions of the court." NRCP 59(a). We review a district court's decision to grant a motion for a new trial for an abuse of discretion. *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1036, 923 P.2d 569, 576 (1996). In this case, the three doctors who testified unequivocally stated that, based upon their examination of Gomez and review of her pre- and post-accident medical records, Gomez's disc injuries and treatment were caused by the accident. On this record, we conclude that the district court did not abuse its

discretion in granting a new trial.[1] *Taylor v Silva*, 96 Nev. 738, 740-41, 615 P.2d 970, 971-72 (1980); *Shere v. Davis*, 95 Nev. 491, 493, 596 P.2d 499, 500 (1979). Accordingly, we affirm the district court's order granting a new trial.

It is so ORDERED.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Eighth Judicial District Court Dept. 20
Eva Garcia-Mendoza, Settlement Judge
Lewis Roca Rothgerber LLP/Las Vegas
Law Offices of R.S. & Associates
Vannah & Vannah
Eighth District Court Clerk

---

[1]Barrera-Mejia also argued that Gomez was required to prove causation by providing a biomechanical expert's opinion that Gomez's injuries were caused by the accident. A plaintiff in a personal injury action is not required to present a biomechanical expert to prove causation. Rather, causation issues, including the severity of an accident and whether injuries stemmed from the accident are proper factual issues for a jury, *Nehls v. Leonard*, 97 Nev. 325, 328, 630 P.2d 258, 260 (1981), and a medical doctor may offer an opinion regarding how certain injuries were caused if a proper foundation is laid. *See Santos v. Nicolos*, 879 N.Y.S.2d 701, 704 (Sup. Ct. 2009); *Streight v. Conroy*, 566 P.2d 1198, 1200 (Or. 1977).

[2]We have considered Barrera-Mejia's other arguments on appeal and conclude that they lack merit.

SUPREME COURT
OF
NEVAOA

(O) 1947A