**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODERICK WISE,

               Plaintiff-Appellant,

   v.

SOUTHERN TIER EXPRESS, INC.,

               Defendant-Appellee.

No.   18-15328

D.C. No. 2:15-cv-01219-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
George W. Foley, Jr., Magistrate Judge, Presiding

Submitted June 6, 2019[**]
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[***] District
Judge.

     Rodrick Wise ("Wise") sued Southern Tier Express, Inc. ("Southern Tier"),

claiming that he was injured when a truck driven by a Southern Tier driver struck

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

Wise's parked truck. Wise appeals the district court's judgment, following a six-day jury trial, in favor of Southern Tier, challenging (1) the district court's rejection of a *Batson* objection, (2) certain jury instructions, and (3) several evidentiary rulings. We affirm.

1.  Wise claims the district court erred in allowing the peremptory strike of the only African-American venireperson, B.H. *See Batson v. Kentucky*, 476 U.S. 79 (1986). When a party makes a *Batson* challenge, the district court must engage in a three-step inquiry: (1) the challenging party must establish a prima facie case of discrimination; (2) the striking party then must articulate a neutral, nondiscriminatory reason for the peremptory strike; and (3) the court must determine whether the challenging party has shown that the reason was pretextual and the actual motive was purposeful discrimination. *Id*. at 96-98; *Purkett v. Elem*, 514 U.S. 765, 767 (1995). The district court's determinations are reviewed for clear error. *United States v. Vasquez–Lopez*, 22 F.3d 900, 901 (9th Cir. 1994); *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018).

Wise met his prima facie burden. Southern Tier then articulated a neutral nondiscriminatory reason for the strike, noting that B.H.'s son had been paralyzed from the neck down in an accident and some of the injuries shared characteristics with the injuries claimed by Wise. The district court found that Wise did not meet his burden of proving that Southern Tier's reason was pretextual. Wise challenges

2

that finding on appeal. But, in rejecting the *Batson* challenge, the district court correctly observed that the injuries suffered by B.H.'s son were much more serious than those suffered by other members of the jury panel, and the injuries had a more significant effect on B.H. *See United States v. Collins*, 551 F.3d 914, 921-22 (9th Cir. 2009). We find no clear error in the district court's conclusion that the proffered non-discriminatory reason for the peremptory challenge was not pretextual.

2.      Wise also asserts the district court erred in instructing the jury on proximate cause and medical causation.

The district court gave the following jury instruction on proximate cause, taken from Nevada Jury Instruction 4NG.13:

> When I use the expression "proximate cause," I mean any cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred.

The instruction used by the district court sets out the proper legal definition of proximate cause under Nevada law. *Taylor v. Silva*, 615 P.2d 970 (Nev. 1980). Where a jury instruction correctly states the law, we review the precise formulation of those instructions for abuse of discretion. *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). Although the district court omitted two optional sentences from the proposed instruction, the instruction still properly conveyed the

3

law and the parties' theories of the case. The district court thus did not abuse its discretion in its formulation of the instruction. *Id.*

The district court also refused to give Wise's proposed medical causation instructions. The district court indicated these instructions regarding expert opinions were unnecessary because Southern Tier's theory of the case was that the accident was a low-impact collision, which could be supported by lay opinion evidence under Nevada law. *Rish v. Simao*, 368 P.3d 1203, 1208 (Nev. 2016). The district court did not abuse its discretion in omitting Wise's proposed instructions.

3.      Wise claims the district court made certain erroneous evidentiary rulings. We review those rulings for abuse of discretion, *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001), and find none.

Wise argues that Southern Tier violated the court's in limine order by raising biomechanical issues in its closing argument, when counsel contended that the accident occurred at "walking speed" and involved a "minor, minimal impact." However, these comments are not biomechanical issues; instead, they are fair commentary on lay opinion evidence. *See Rish*, 368 P.3d at 1208.

Wise further claims that Southern Tier violated the district court's order on his Motion in Limine No. 2. However, the district court denied that motion. Moreover, the proffered evidence was relevant to Wise's failure to disclose the

4

identity of his employers at the time of his accidents and back injuries in 2011 and 2012.

Wise also claims Southern Tier violated the district court's order on Motion in Limine No. 4, which precluded evidence of two prior injuries:  (1) a finger injury from the 1980s, and (2) a knee injury from 2009.  However, Wise's counsel elicited testimony on direct examination regarding Wise's college football career and his related finger injury. Moreover, Wise's knee injury was never mentioned to the jury.

Finally, Wise argues that Southern Tier's counsel created a false narrative about Wise being disappointed that his worker's compensation claim could not be extended due to the revelation of a degenerative back disease.  No prior orders of the district court prohibited this line of questioning; instead, a pretrial order precluded Wise from denying the existence of prior back injuries and treatment (including his worker's compensation records) as a discovery sanction. We find no abuse of discretion here.

**AFFIRMED.**