# IN THE SUPREME COURT OF THE STATE OF NEVADA

COMPLETE CARE MEDICAL CENTER,
A NEVADA BUSINESS ENTITY,
Appellant,
vs.
AMELIA BECKSTEAD, AN
INDIVIDUAL; AND LISA
DERRWALDT, AN INDIVIDUAL,
Respondents.

No. 75908

FILED

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND VACATING IN PART

This is an appeal from a final judgment following a bench trial and a hearing on a post-judgment motion in an employment discrimination case. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Respondents Amelia Beckstead and Lisa Derrwaldt are former employees of appellant Complete Care Medical Center, a provider of massage therapy. Beckstead and Derrwaldt filed a complaint against Complete Care and its clinic director, Dr. Pasquale Laurito, for employment discrimination on the basis of pregnancy under state and federal law, and for breach of the implied covenant of good faith and fair dealing. After a three-day bench trial, the district court found that Complete Care discriminated against Beckstead and Derrwaldt on the basis of sex/pregnancy under federal and Nevada law, and that Complete Care breached the covenant of good faith and fair dealing. The district court accordingly entered judgment against Complete Care (but not Dr. Laurito, who was later dropped from this appeal as an unaggrieved party without standing to appeal under NRAP 3A(a)).

The district court awarded Beckstead and Derrwaldt damages as follows: (1) respective amounts for back pay, $331,425 and $381,106; (2)

20-24366

$50,000 each in nonpay-related compensatory damages; and (3) $1,000 each for Complete Care's breach of the covenant of good faith and fair dealing. Complete Care appealed. We affirm in part and vacate in part.

*Title VII liability*

Complete Care first challenges the district court's finding of discrimination on the basis of sex, essentially arguing that the evidence adduced at trial was insufficient as a matter of law to sustain such a finding. But we are unpersuaded by Complete Care's arguments. "This court will not disturb the findings of a trial court unless the findings 'are clearly erroneous and not based on substantial evidence.'" *DeLee v. Roggen*, 111 Nev. 1453, 1456, 907 P.2d 168, 169 (1995) (quoting *Nev. Ins. Guaranty Ass'n v. Sierra Auto Ctr.*, 108 Nev. 1123, 1126, 844 P.2d 126, 128 (1992)). The district court heard testimony from multiple witnesses, including Beckstead, Derrwaldt, two of their coworkers, and Dr. Laurito, and we defer to the district court's assessment of the credibility of these witnesses. *Id.* (stating that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses") (quoting *Pace v. Linton*, 97 Nev. 103, 103, 625 P.2d 84, 85 (1981)).

From that testimony, the district court concluded that Complete Care violated Beckstead and Derrwaldt's rights under Title VII of the 1964 Civil Rights Act, which makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1) (2012); 42 U.S.C. § 2000e(k) (2012) ("The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions . . . ."); *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 210 (2015) ("Title VII's

prohibition against sex discrimination applies to discrimination based on pregnancy."); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994) (holding that circumstantial evidence of discriminatory intent sufficient to sustain a finding of discrimination may "consist[ ] of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn"). Nevada's anti-discrimination statute, NRS 613.330(1)(a), "is almost identical" to Title VII, *Apeceche v. White Pine Cty.*, 96 Nev. 723, 726, 615 P.2d 975, 977 (1980), "and courts apply the same analysis," *Stewart v. SBE Entm't Grp., LLC*, 239 F. Supp. 3d 1235, 1246 fn.61 (D. Nev. 2017). *See also Pope v. Motel 6*, 121 Nev. 307, 311, 114 P.3d 277, 280 (2005) ("In light of the similarity between Title VII of the 1964 Civil Rights Act and Nevada's anti-discrimination statutes, we have previously looked to the federal courts for guidance in discrimination cases.") (footnote omitted). And thus, the district court found discrimination under Nevada law as well.[1] We conclude that substantial evidence supports the district court's ultimate finding of liability here.

*Title VII damages*

Complete Care also challenges the district court's award of damages. Relevant here, the district court awarded Beckstead $331,425 and Derrwaldt $381,106 in damages for back pay, and it awarded Beckstead

---

[1]The Nevada Legislature enacted the Nevada Pregnant Workers' Fairness Act in 2017, *see* 2017 Nev. Stat., ch. 319, §§ 2-8, at 1781-85; NRS 613.4353-.4383, but the complaint and bench trial in this case predate it. "In Nevada, as in other jurisdictions, statutes operate prospectively . . . ." *Pub. Employees' Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 154, 179 P.3d 542, 553 (2008).

and Derrwaldt $50,000 each for nonpay-related compensatory damages. We affirm the awards of damages.

"Title VII of the Civil Rights Act of 1964 permits courts to grant equitable remedies to employees who have been impermissibly discriminated against by employers with fifteen or more employees." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (discussing 42 U.S.C. § 2000e-5(g) (1994) (remedies)). "The relevant remedies include . . . awards of back pay," *id.*, and compensatory damages "for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," 42 U.S.C. § 1981a(b)(3)(A) (2012) (limiting these latter damages to $50,000 against employers with 15-100 employees). *See* 42 U.S.C. § 2000e-5(g) (2012); *see also* NRS 613.432 (providing that all remedies available under federal law are also available under state law). Like federal appellate courts, "[w]e will not disturb a district court's Title VII remedy unless the district court abused its discretion in fashioning that remedy." *Caudle*, 224 F.3d at 1023.

*Back pay*

"The discretionary decision of the trial court regarding an award of back pay is reversible only for an abuse of the court's discretion." *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 867 (9th Cir. 1980). "Title VII's remedial provisions are intended to give the courts wide discretion . . . to fashion the most complete relief possible, requiring that persons aggrieved by discriminatory employment practices 'be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination.'" *Id.* (quoting *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 764 (1976) (internal quotation marks omitted)); *see also* 14A C.J.S. *Civil Rights* § 703 (2017) ("The end of the period for which back

pay is awarded should be determined in light of the statutory goal of making the plaintiff whole, based on the circumstances of the particular case.") (collecting cases). We observe no abuse of discretion in the record before this court.

Complete Care challenges the district court's calculations of the plaintiffs' respective back pay awards. However, the district court stated those amounts on the record after referencing a trial brief that Complete Care failed to include in the record before this court. "It is the responsibility of appellant to make an adequate appellate record." *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981); *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("[T]his court has made it clear that appellants are responsible for making an adequate appellate record."). "When an appellant fails to include necessary documentation in the record, [this court] necessarily presume[s] that the missing portion supports the district court's decision." *Cuzze*, 123 Nev. at 603, 172 P.3d at 135; *cf. Caudle*, 224 F.3d at 1020 (noting that "there is a presumption in favor of back pay awards").

Accordingly, we presume that the missing trial brief supports the district court's award of back pay in this case. On that basis, we reject Complete Care's related arguments and affirm this portion of the judgment.

*Other compensatory damages*

Title VII specifically allows courts to award general compensatory damages. 42 U.S.C. § 1981a(b)(3) (2012). Although the district court awarded the full amount, $50,000, permitted under the statute, it was entitled to do so as the fact finder in this case. Generally, we do not disturb such awards. *See Prabhu v. Levine*, 112 Nev. 1538, 1550, 930 P.2d 103, 111 (1996) ("This court, however, has consistently permitted [the fact-finder] wide latitude in awarding tort damages, so long as evidence of

the damages can be objectively observed by the jury and the court."); *see also, e.g., Paul v. Imperial Palace, Inc.*, 111 Nev. 1544, 1549, 908 P.2d 226, 229 (1995) (noting that it was not improper for counsel to suggest in closing argument that a general, arbitrary amount, $200,000, would recompense the plaintiff for future damages in pain and suffering). Here, the district court heard testimony from Beckstead and Derrwaldt that their confidence and careers never fully recovered after Complete Care's discrimination; the district court was entitled to find that testimony credible or not, not this court. And because the district court found their testimony credible, the maximum award under 42 U.S.C. § 1981a(b)(3)(A) (2012) was not an abuse of discretion. We therefore affirm this portion of the judgment on that basis.

*Covenant of good faith and fair dealing*

We vacate the district court's award of $1,000 each to Beckstead and Derrwaldt. Their employment with Complete Care was at-will. *See Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 927, 899 P.2d 551, 554 (1995) ("[A]ll employees in Nevada are presumptively at-will employees."). Without a claim or finding that there was a contract of employment, there cannot be an award for breaching the contractual covenant of good faith and fair dealing. *See id.* at 926-27, 899 P.2d at 553-54. We accordingly vacate that portion of the judgment.

*Post-judgment motion for new trial*

Complete Care filed a post-judgment motion for a new trial with respect to Beckstead's case on the basis that she failed to include her case as an asset in her separate personal bankruptcy petition. Complete Care argued that she should be judicially estopped, retroactively, from bringing this case due to that failure. "Whether judicial estoppel applies is a question of law subject to de novo review." *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004) (footnote omitted). It is appropriate

Supreme Court
OF
Nevada

(O) 1947A

6

when (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.

*Id.* (internal quotation marks omitted). Complete Care's request for judicial estoppel is inappropriate because, on this record, the bankruptcy was reopened to remedy that defect in her original petition. Thus, there is no final judgment in that proceeding which Beckstead obtained by asserting any contrary position here. The district court therefore did not abuse its discretion by denying Complete Care's motion. *Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010) ("We review a district court's decision to deny a new trial motion for an abuse of discretion.").

We have considered Complete Care's other arguments and conclude they lack merit. We affirm the district court's judgment, except that we vacate the award of $1,000 for breach of the covenant of good faith and fair dealing.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Nancy L. Allf, District Judge
        Stephen E. Haberfeld, Settlement Judge
        Law Office of Daniel Marks
        Cohen Johnson Parker Edwards
        Eighth District Court Clerk