# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHARON PETERSON,
Appellant,
vs.
MEDICWEST AMBULANCE, INC.,
Respondent.

No. 79716

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment upon a jury verdict in a personal injury matter. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.[1] Appellant Sharon Peterson was injured while riding as a passenger on a moped involved in an accident with an ambulance. The moped driver, non-party Michael Ortiz, died as a result of the collision. After a lengthy trial, the jury returned a verdict in favor of respondent MedicWest Ambulance, Inc., finding that its ambulance driver was not negligent in his operation of the ambulance on the date of the accident.

Peterson first argues that the district court abused its discretion by permitting lay witnesses to testify regarding liability. *See Paul v. Imperial Palace, Inc.*, 111 Nev. 1544, 1550, 908 P.2d 226, 230 (1995) (reviewing a district court's decision to admit lay witness testimony for an abuse of discretion). We disagree. Although several witnesses testified that they observed the ambulance proceeding slowly or cautiously through the intersection before the collision, the district court properly found that the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21. 29661

statements were based on the witnesses' perception of the events and circumstances leading up to the collision. *Cf. Patton v. Henrickson*, 79 Nev. 197, 200, 380 P.2d 916, 917 (1963) (holding that a lay witness is competent to testify about a vehicle's rate of speed "if such witness is of ordinary intelligence and has an adequate opportunity to observe the vehicle at the time in question"). Indeed, such testimony "concern[ed] information within the common knowledge of or capable of perception by the average layperson"; it did not "require some specialized knowledge or skill beyond the realm of everyday experience." *Burnside v. State*, 131 Nev. 371, 382-83, 352 P.3d 627, 636 (2015); *see also* NRS 50.265 (limiting a lay witness's testimony to opinions and inferences which are rationally based on the witness's perception and are "helpful to . . . the determination of a fact in issue"). And although the testimony may have assisted the jury in determining the ambulance driver's liability, we disagree that the testimony amounted to a legal conclusion that the ambulance driver satisfied his duty to drive with due regard for the safety of others. *See* NRS 484B.700(1)(a), (4) (providing that an ambulance driver is permitted to proceed through a red light "only after slowing down as may be necessary for safe operation" and so long as he does not "reckless[ly] disregard . . . the safety of others").

We also disagree with Peterson's argument that the district court abused its discretion by denying her requests for a mistrial based on multiple instances of purported misconduct by MedicWest's counsel. *See Khoury v. Seastrand*, 132 Nev. 520, 527, 377 P.3d 81, 86 (2016) (reviewing a district court's decision on a motion for mistrial for an abuse of discretion). Peterson alleges that MedicWest's counsel committed misconduct by telling the jury during opening statements that the investigating detective would

testify that he believed the ambulance driver satisfied his duties and that the moped driver was the proximate cause of the collision. Although this was misconduct because it violated the district court's pretrial ruling barring admission of the detective's opinions regarding causation, these were isolated remarks made at the beginning of a lengthy trial and we conclude that the district court adequately cured any potential prejudice with its curative instructions. *See Lioce v. Cohen*, 124 Nev. 1, 18, 174 P.3d 970, 981 (2008) ("[W]hen a party's objection to an improper argument is sustained and the jury is admonished regarding the argument, that party bears the burden of demonstrating that the objection and admonishment could not cure the misconduct's effect."); *Ledbetter v. State*, 122 Nev. 252, 264-65, 129 P.3d 671, 680 (2006) (concluding that an isolated remark regarding inadmissible evidence followed by a proper jury admonishment did not warrant a mistrial). The misconduct therefore does not warrant granting a new trial.

As to Peterson's other allegations of attorney misconduct, we decline to consider whether those instances constitute misconduct because, even if they did, the misconduct did not impact the jury's verdict.[2] *See Sherman v. State*, 114 Nev. 998, 1010, 965 P.2d 903, 912 (1998) (concluding that attorney misconduct "is harmless if . . . the verdict would have been the same in the absence of error"). The district court sustained several of

_____

[2]Each of these other allegations go to the comparative negligence of Ortiz or Peterson, or the appropriate measure of Peterson's damages, but the jury did not reach those issues. For this same reason, we also decline to consider Peterson's argument regarding the admission of certain evidence from Medicwest's toxicology expert because any error would also not change the jury's verdict. *See Khoury*, 132 Nev. at 539, 377 P.3d at 94 (concluding that an error is harmless unless it "would have resulted in a different verdict").

(O) 1947A

Peterson's objections and issued appropriate curative instructions to the jury to disregard any improper argument or evidence and, in each instance, the challenged conduct was not repeated. Thus, Peterson has not demonstrated that the alleged misconduct was "repeated or persistent" such that the jury was influenced by it. *Lioce*, 124 Nev. at 18-19, 174 P.3d at 981. Thus, we conclude that the district court did not abuse its discretion in denying Peterson's requests for a mistrial. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc: Hon. Adriana Escobar, District Judge
Thomas J. Tanksley, Settlement Judge
Stovall & Associates
McBride Hall
Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.