IN THE SUPREME COURT OF THE STATE OF NEVADA

ACCERA GROUP CORPORATION; AND
PEOPLE'S UTILITY CORPORATION,
Appellants,
vs.
L/P INSURANCE SERVICES, INC.,
Respondent.

No. 81580

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a summary judgment, certified as final under NRCP 54(b), in an insurance reimbursement case. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellants argue that the district court erred by granting summary judgment because it improperly limited the scope of an insurance agent's duty. We need not address that argument because the record shows that appellants cannot demonstrate that respondent proximately caused their injuries. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (explaining that summary judgment is appropriate where there is "evidence that negates an essential element of the nonmoving party's claim"). "[T]o prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009). "Causation

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.



21-29665

has two components: actual cause and proximate cause." *Clark Cty. Sch. Dist. v. Payo*, 133 Nev. 626, 636, 403 P.3d 1270, 1279 (2017). While proximate causation is generally a question for the jury, we have held that summary judgment is appropriate where the plaintiff cannot recover as a matter of law. *See Lee v. GNLV Corp.*, 117 Nev. 291, 296, 22 P.3d 209, 212-13 (2001).

Here, the record reflects that when appellants suffered their losses, they were covered by a policy with Sentinel Insurance Company (Sentinel) procured from Faulkner & Associates, LLC (Faulkner) after Faulkner independently assessed appellants' needs. Indeed, appellants no longer had a relationship with respondent, and the policy appellants secured through respondent had previously terminated. Appellants provided no evidence that Faulkner or Sentinel relied on the advice that respondent's agent gave appellants and we thus reject appellants' contention that Sentinel's denial of their claim was a foreseeable consequence of respondent's agent's advice.[2] *See Goodrich & Pennington Mortg. Fund, Inc. v. J.R. Woolard, Inc.*, 120 Nev. 777, 784, 101 P.3d 792, 797 (2004) (defining proximate cause as "any cause which in natural [foreseeable] and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred" (alteration in original) (further internal

---

[2]Because this issue is dispositive, we need not address appellants' arguments challenging the district court's finding that the complaint failed to state a claim upon which relief could be granted as to respondent. And because the summary judgment fully adjudicated respondent's rights and liabilities, we reject appellants' argument that NRCP 54(b) certification was improper.

quotation marks omitted) (quoting *Taylor v. Silva*, 96 Nev. 738, 741, 615 P.2d 970, 971 (1980)). While the district court granted summary judgment on a different basis, we "will affirm the order of the district court if it reached the correct result, albeit for different reasons." *Rosenstein v. Steele*, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987). We therefore,

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.                    _____, Sr.J.
Stiglich                                                Gibbons

cc:     Hon. Cristina D. Silva, District Judge
        Kristine M. Kuzemka, Settlement Judge
        Nersesian & Sankiewicz
        Wood, Smith, Henning & Berman, LLP/Las Vegas
        Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.